UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:17-cr-16-FtM-29UAM

JOHN G WILLIAMS, JR.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant John G. Williams, Jr.'s Amended Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. #212) filed on April 2, 2019.  Defendant Williams filed his original Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. #202) on March 8, 2019, and the government filed a Response in Opposition (Doc. #211) on March 29, 2019.  Defendant Williams then filed his Amended Motion on April 2, 2019 to correct a scrivener's error.

    Defendant Williams seeks a post-verdict judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. In considering a motion for entry of a judgment of acquittal, the Court

> must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  The prosecution need not rebut all reasonable hypotheses other than guilt.  The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the

> district court must accept all reasonable inferences and credibility determinations made by the jury.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (citation omitted).

Defendant Williams argues that the evidence presented at trial was insufficient to support the guilty verdicts returned against him. Specifically, defendant Williams argues no reasonable jury could have found that he had an intent to harm, or cause financial harm to, Lee County. Applying the legal principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count, and that a reasonable jury could have found defendant Williams guilty beyond a reasonable doubt as to these counts of conviction.

Defendant Williams also argues that at a minimum, a miscarriage of justice has occurred and, accordingly, the Court should grant him a new trial on the three counts of conviction. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict

stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

The undersigned presided over the trial in this case and remembers it well. In addition, the Court has reviewed the trial transcripts (Docs. ##216-18) which were filed prior to sentencing. The Court finds that defendant Williams has not established a basis for a new trial.

Accordingly, it is hereby

**ORDERED:**

Defendant's Amended Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. #212) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 3 -